UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Adelson Michel,   Case No. 5:14-cv-16-OC-17PRL

    Petitioner,

v.   **MEMORANDUM AND ORDER**

Warden, FCC Coleman – Low,

    Respondent.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reasons that follow, the Petition is dismissed.

**BACKGROUND**

Petitioner Adelson Michel was convicted after a jury trial of a crack-cocaine-distribution conspiracy and related drug-possession charges in the Western District of Virginia in 2007. United States v. Michel, Crim. No. 5:06-41(1) (W.D. Va.). He was sentenced initially to 324 months' imprisonment. In 2008, the trial court applied Guidelines Amendment 706 and reduced Michel's sentence to 210 months. Id. (Docket No. 592). In April 2015, Michel's sentence was reduced further pursuant to Amendment 782, to a term of 168 months. Id. (Docket No. 1130).

Michel appealed his conviction and sentence, and he has filed no fewer than three motions under 28 U.S.C. § 2255, in addition to a plethora of other post-trial and

postconviction motions. Other than the sentence reductions mandated by retroactive changes to the sentencing guidelines, however, none of his many motions was successful.

He now seeks another review of his conviction and sentence through the instant Petition, brought under 28 U.S.C. § 2241. The Petition raises four claims for relief: that Michel is actually innocent of the charges because one count of the indictment was dismissed before trial, rendering the entire indictment void; that the trial court applied a sentencing enhancement without giving him notice before trial of the applicability of this enhancement; that he has demonstrated cause and prejudice under § 2255's savings clause because of ineffective assistance of counsel and because of the void indictment; and that the Government was required to re-indict him rather than merely dismissing one count of the indictment.

At the time Michel filed this Petition, he was imprisoned at the Federal Correctional Institution - Coleman in Sumterville, Florida. He is currently incarcerated at United States Penitentiary - Beaumont in Beaumont, Texas.

**DISCUSSION**

A federal prisoner has two options when pursuing postconviction relief. First, the prisoner may challenge the validity of his conviction or sentence by bringing a motion to vacate the sentencing judgment under 28 U.S.C. § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Second, the prisoner may challenge the execution of a sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Typically, the exclusive remedy for a collateral attack on the validity of a conviction or sentence is a

§ 2255 motion, and a prisoner cannot evade § 2255's procedural restrictions by raising that type of claim in a § 2241 petition. Id. at 1351. Here, Michel challenges the validity of his conviction and sentence. Thus, his Petition is barred by the exclusive remedy rule because it was submitted under § 2241 rather than § 2255.

The Court cannot treat Michel's Petition as if it was filed under § 2255 because Michel has already filed three other § 2255 petitions. The habeas rules are clear that a second or successive § 2255 petition "shall not be entertained" unless the prisoner first obtains permission from the Court of Appeals for a successive filing or satisfies the savings clause of § 2255. 28 U.S.C. § 2255(e); Gilbert v. United States, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc); see also Darby, 405 F.3d at 945 ("When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion."). Michel has not sought or received permission from the Court of Appeals to file this successive § 2255 Petition, and therefore this Court may not entertain the Petition unless Michel can establish that §2255's savings clause applies.

But Michel is not entitled to avail himself of the savings clause. The savings clause permits a court to entertain a federal prisoner's § 2241 habeas petition challenging a conviction or sentence only if the "remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)). To show inadequacy or ineffectiveness: (1) "the claim must be based upon a retroactively applicable Supreme Court decision," and (2) "the Supreme Court decision must have

3

overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343. If the federal prisoner does not satisfy § 2255's savings clause, the Court lacks jurisdiction to decide his § 2241 petition. Bryant v. Warden, FCC Coleman – Medium, 738 F.3d 1253, 1262-63 (11th Cir. 2013).

Michel's claims are not based on any retroactively applicable recent Supreme Court decision, or on any other recent decision that overturned precedent in force at the time of his conviction and sentence. Rather, Michel is arguing matters that he could have raised either in his direct appeal or in his first postconviction motion. His failure to raise these matters previously precludes the Court from exercising jurisdiction over them now.

**CONCLUSION**

The Court lacks jurisdiction to entertain Michel's Petition. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED without prejudice**; and

2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated:   April 28, 2016             *s/Paul A. Magnuson*
                                    Paul A. Magnuson
                                    United States District Court Judge